GEORGE J. KOVACEVICH (SB #48125)
S. ADAIR PATERNO (SB #246257)
ATCHISON, BARISONE, CONDOTTI &
KOVACEVICH
333 Church Street
Santa Cruz, CA  95060
Telephone:  (831) 423-8383
Facsimile:  (831) 576-2269
gkovacevich@abc-law.com
apaterno@abc-law.com

Attorneys for Defendants
CITY OF CAPITOLA and CAPITOLA POLICE
DEPARTMENT


MICHAEL B. BROWN (SB #179222)
UZUNMA A. KAS-OSOKA (SB #258616)
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  (916) 447-0700
Facsimile:  (916) 447-4781
mbbrown@stoel.com
uakas-osoka@stoel.com

Attorneys for Defendant
AMERICAN TRAFFIC SOLUTIONS, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JULIE TALBERT, individually and on behalf of all others similarly situated, | Case No. 5:10-CV-03113-PVT |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANTS CITY OF CAPITOLA, CAPITOLA POLICE DEPARTMENT AND AMERICAN TRAFFIC SOLUTIONS, LLC TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| CITY CAPITOLA, a political subdivision of the State of California; CAPITOLA POLICE DEPARTMENT; AMERICAN TRAFFIC SOLUTIONS, LLC, a Limited Liability Company, and DOES 1 through 50, INCLUSIVE, | |
| Defendants. | Date:      September 7, 2010<br>Time:      10:00 A.M.<br>Courtroom: 5, 4th Floor<br>Judge:      Hon. Patricia V. Trumbull |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

5:10-CV-03113-PVT

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE, that Defendants American Traffic Solutions, LLC ("ATS") and the City of Capitola and the Capitola Police Department (collectively "Capitola") hereby move this Court to Dismiss the Complaint filed against it, and that on September 7, 2010 at 10:00 a.m., or as soon thereafter as this matter may be heard, the Honorable Magistrate Judge Patricia V. Trumbull, of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California, Courtroom 5, will hear this motion. ATS and Capitola bring this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure upon the grounds that Plaintiffs have not set forth claims against Defendants. Specifically, Plaintiffs' claims are barred by res judicata, and the contract of which Plaintiffs allege contain unlawful provisions are in fact lawful.

This Motion is based on the following Memorandum of Points and Authorities, all pleadings and papers on file in this action, Request for Judicial Notice, Declaration of Sergeant Eller, and argument and evidence to be presented at the hearing on this Motion.

**RELIEF REQUESTED**

Plaintiffs challenge the validity of traffic citations issued by Capitola for Plaintiffs running of red lights detected by automated traffic safety cameras, and the legality of the contract for equipment and services between Capitola and ATS. ATS and Capitola seek dismissal of all claims against Defendants on the ground that the claims have been adjudicated and are barred by res judicata, and the contract is expressly authorized by law.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

| | | PAGE |
|---|---|---|
| I. | INTRODUCTION AND STATEMENT OF ISSUES | 6 |
| II. | STATEMENT OF FACTS | 7 |
| | A. Use of Automated Traffic Safety Cameras in California | 7 |
| | B. Capitola Contracted with ATS to Provide Equipment and Services | 7 |
| |     1. ATS Is Paid Fixed Fees for Services | 8 |
| |     2. Fixed Fees Are Subject to Adjustment in Limited Circumstances | 8 |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN          -2-                    5:10-CV-03113-PVT
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

C.  Capitola's Operation of the Automated Traffic Safety Camera System ................. 9

    1.  Selection of Camera Locations ................................................ 9

    2.  ATS Provides Administrative Support to Capitola ...................... 9

D.  Plaintiffs Received Citations and Paid Their Fines ................................ 10

III.  ARGUMENT ........................................................................... 10

  A.  Plaintiffs' Claims Are Barred Under Principles of Res Judicata ........................ 11

  B.  Plaintiffs' Claim for Declaratory Relief Fails as a Matter of Law ...................... 14

    1.  The Payment Provisions of the Contract Are Lawful .............................. 14

      a)  Downward Adjustment of the Fixed Service Fee Is Lawful ......... 14

      b)  Waiving a Service Fee When the Parties Mutually Agree to Camera Relocation Is Lawful ........................................ 15

      c)  Deduction of Administrative Costs Is Lawful .............................. 16

    2.  Capitola Has Sole Authority to Issue Notices of Violation ..................... 17

    3.  Capitola Operates the Automated Traffic Safety Camera System ............ 17

      a)  The Contract's Protection of Confidential and Proprietary Information Is Lawful ........................................ 18

      b)  The Contract Does Not Affect Capitola's Establishment of Guidelines for Selection of Camera Locations ........................... 19

    4.  ATS's Provision of Expert Testimony Limited to the Technical Operation and Accuracy of Cameras Is Lawful ................................. 19

  C.  Plaintiffs' Injunctive Relief Claim Fails for Lack of Standing ............................ 20

  D.  Plaintiffs' Claim for Violation of California Business and Professions Code Section 17200 Fails as a Matter of Law ........................................ 21

    1.  Capitola Is Exempt from Suit ............................................... 21

    2.  Plaintiffs' Claim Against ATS Fails Because It Is Derivative of Other Unsuccessful Claims and Does Not Allege Sufficient Facts ......... 23

  E.  Plaintiffs' Derivative Claims for Unjust Enrichment, Accounting, and Imposition of a Constructive Trust Fail as a Matter of Law ................................. 24

    1.  Plaintiffs Fail to State a Claim for Unjust Enrichment ............................ 24

    2.  Plaintiffs Fail to State a Claim for a Constructive Trust ........................ 24

    3.  No Accounting Is Warranted ................................................. 25

IV.  CONCLUSION ........................................................................ 25

## TABLE OF AUTHORITIES

**Cases**

*Alaska Right to Life v. Feldman,*
504 F.3d 840 (9th Cir. 2007) ........................................................ 20

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-3-

5:10-CV-03113-PVT

*Ashcroft v. Iqbal,*
__ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .................................................. 10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................................ 10

*Castello v. Alameda Cnty. Transit Parking Enforcement Ctr.,*
No. C08-3012 BZ, 2008 U.S. Dist. LEXIS 105842 (N.D. Cal. Dec. 22, 2008) ............... 13

*City of L.A. v. Lyons,*
461 U.S. 95 (1983) .................................................................................................. 21

*Coscia v. McKenna & Cuneo,*
25 P.3d 670 (Cal. 2001) ........................................................................................... 11

*Durell v. Sharp Healthcare,*
108 Cal. Rptr. 3d 682 (Cal. Ct. App. 2010) ................................................................ 23

*Esparza v. Specht,*
127 Cal. Rptr. 493 (Cal. Ct. App. 1976) .................................................................... 23

*Fassberg Constr. Co. v. Hous. Auth. of L.A.,*
60 Cal. Rptr. 3d 375 (Cal. Ct. App. 2007) ................................................................. 23

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
528 U.S. 167 (2000) ................................................................................................ 21

*Frommhagen v. Bd. of Supervisors,*
243 Cal. Rptr. 390 (Cal. Ct. App. 1987) .................................................................... 12

*GHK Assocs. v. Mayer Group, Inc.,*
274 Cal. Rptr. 168 (1990) ........................................................................................ 24

*Hameid v. National Fire Ins. of Hartford,*
31 Cal. 4th 16 (2003) .............................................................................................. 15

*Hernandez v. City of Pomona,*
207 P.3d 506 (Cal. 2009) ......................................................................................... 11

*Holcombe v. Hosmer,*
477 F.3d 1094 (9th Cir. 2007) .................................................................................. 11

*Hydranautics v. FilmTec Corp.,*
204 F.3d 880 (9th Cir. 2000) .................................................................................... 12

*Idris v. City of Chicago,*
552 F.3d 564 (7th Cir. 2009) .................................................................................... 13

*In re Stac Elecs. Sec. Litig.,*
89 F.3d 1399 (9th Cir. 1996) ...................................................................................... 7

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-4-

5:10-CV-03113-PVT

*Janis v. Cal. State Lottery Comm'n*,
80 Cal. Rptr. 2d 549 (Cal. Ct. App. 1998) ................................................................ 22

*Lee v. City of L.A.*,
250 F.3d 668 (9th Cir. 2001) .................................................................................... 8

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) .................................................................................. 10

*Olszewksi v. Scripps Health*,
30 Cal. 4th 798 (2003) ............................................................................................ 24

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) .................................................................................... 7

*People for the Ethical Treatment of Animals, Inc. v. Cal. Milk Producers Advisory Bd.*,
22 Cal. Rptr. 3d 900 (Cal. Ct. App. 2005) ....................................................... 21, 22

*Peterson v. Cellco P'ship*,
80 Cal. Rptr. 3d 316 (Cal. Ct. App. 2008) ............................................................ 24

*Radovich v. Locke-Paddon*,
41 Cal. Rptr. 2d 573 (Cal. Ct. App. 1995) ............................................................ 23

*Texas v. United States*,
523 U.S. 296 (1998) ................................................................................................ 21

*Trinkle v. Cal. State Lottery*,
84 Cal. Rptr. 2d 496 (Cal. Ct. App. 1999) ........................................................ 21, 22

*Virtanen v. O'Connell*,
44 Cal. Rptr. 3d 702 (Cal. Ct. App. 2006) ............................................................ 23

**Statutes**

42 U.S.C. § 1983 .................................................................................................... 11

Cal. Bus. & Prof. Code § 17200 ....................................................... 21, 22, 23, 24

Cal. Bus. & Prof. Code § 17201 ...................................................................... 21, 22

Cal. Bus. & Prof. Code § 17203 ............................................................................ 24

Cal. Civ. Code § 1638 ............................................................................................ 15

Cal. Civ. Code § 1648 ............................................................................................ 15

Cal. Civ. Code §§ 2223, 2224 ................................................................................ 24

Cal. Gov't Code § 815 ............................................................................................ 22

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN          -5-          5:10-CV-03113-PVT
SUPPORT OF MOTION TO DISMISS

70176235.4 0009610-00008

Cal. Veh. Code § 21453(a) ............................................................................. 10

Cal. Veh. Code § 21455.5 ............................................................................... 7

Cal. Veh. Code § 21455.5(c) ............................................................... 7, 17, 19

Cal. Veh. Code § 21455.5(d) ........................................................................... 7

Cal. Veh. Code § 21455.5(e)(1) ..................................................................... 18

Cal. Veh. Code § 21455.5(e)(2) ..................................................................... 18

Cal. Veh. Code § 21455.5(e)(3) ..................................................................... 19

Cal. Veh. Code § 21455.5(g) ......................................................................... 14

Cal. Veh. Code § 21455.5(g)(1) ............................................................... 14, 16

Cal. Veh. Code § 21455(d) ............................................................................ 18

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................. 6, 10

**Constitutional Provisions**

U.S. Constitution, Article III ......................................................................... 20

# I. INTRODUCTION AND STATEMENT OF ISSUES

ATS and Capitola move for an order dismissing Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6). Plaintiffs received Notices of Violation after being detected by automated traffic safety cameras running red lights. Plaintiffs do not dispute that they ran red lights. They do not dispute that running a red light is against the law. Nor do Plaintiffs dispute that they paid the fines assessed for their unlawful acts. Instead, Plaintiffs attempt to avoid liability after the fact by challenging the validity of Capitola's contract with ATS. But Plaintiffs are precluded from now raising, or re-litigating, claims or defenses that they could have raised in municipal court proceedings and appealed through state process. *Res judicata* bars Plaintiffs' claims in their entirety.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-6-

5:10-CV-03113-PVT

1      Even if the Court reaches the merits of Plaintiffs' claims, they fail as a matter of law.

2  Plaintiffs complain that the contract for equipment and services between Capitola and ATS

3  contains unlawful revenue provisions, even though payment of a fixed monthly fee for services is

4  soundly within the law.  Plaintiffs contend that ATS's role in offering expert testimony creates an

5  unlawful bias in the execution of the contract despite the fact that ATS offers expert testimony

6  only regarding the technical operation and accuracy of traffic safety cameras – not whether or not

7  a violation occurred.  Plaintiffs' allegation that ATS "issues" citations is baseless where, as here,

8  the contract clearly provides that it is within Capitola's *sole authority* to determine whether a

9  citation should be issued.  Plaintiffs' remaining claims are derivative.  None of Plaintiffs' claims

10  meet the standard of facial plausibility to survive a motion to dismiss.

## II.  STATEMENT OF FACTS

12  **A.**      **Use of Automated Traffic Safety Cameras in California**

13      California Vehicle Code Section 21455.5[1] governs the use and operation of automated

14  traffic safety cameras in the state.  Under Section 21455.5(c), only a "governmental agency, in

15  cooperation with a law enforcement agency, may operate an automated enforcement system."

16  Under Section 21455.5(d), a governmental agency may contract out certain administrative and

17  day-to-day functions as long as the governmental agency "maintains overall control and

18  supervision of the system."  In this case, the City of Capitola, in cooperation with the Capitola

19  Police Department, contracted with ATS to install and maintain automated traffic safety cameras

20  in Capitola, and provide administrative support for Capitola's automated enforcement system.

21  **B.**      **Capitola Contracted with ATS to Provide Equipment and Services**

22      On December 7, 2007, ATS and Capitola entered into a three-year contract for equipment

23  and services.  (Complaint ¶ 11; Request for Judicial Notice ("RJN") at Ex. 2.)[2]  The parties'

---

24      [1] Applicable California Vehicle Code references are attached at Exhibit 1 to Defendants' Request for Judicial Notice.

25      [2] *See* Decl. of Sergeant M. Eller filed herewith. Plaintiffs' Complaint cites and relies on documents including the contract between Capitola and ATS and named Plaintiffs' Notice of

26  Violation.  Where a complaint relies on documents, a defendant may rely on the documents in support of a Rule 12 motion. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

27  "[E]ven if the plaintiff's complaint does not explicitly refer to" documents, if a plaintiff predicates claims on those documents, defendants may rely on them. *Parrino v. FHP, Inc.*, 146

28                                (continued . . .)

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-7-

5:10-CV-03113-PVT

1    respective responsibilities under the contract are set forth under the terms of the contract and in

2    Exhibits A (ATS Scope of Work) and B (Capitola Scope of Work).

### 1.    ATS Is Paid Fixed Fees for Services

4    The contract calls for payment for all equipment, services, and maintenance based on a

5    fixed fee schedule. (RJN, Ex. 2, Exhibit C (Service Fees).) ATS is paid a flat rate monthly

6    service fee totaling $5,395. Capitola pays ATS a monthly service fee of $5,100 for each camera

7    that it installs. This fee includes payment for services including: monitoring images, processing

8    images, performing data entry, establishing information regarding the registered vehicle owner,

9    conducting quality control review, providing access to web-based processing software, managing

10   the administrative processing of Notices of Violation, postage and mailing, electronic

11   transmission of files, and evidence packages for hearings on contested Notices of Violation. (*Id.*)

12   In addition, Capitola pays ATS a monthly service fee of $295 for a live digital video system to

13   monitor intersections. (*Id.*) Finally, the contract provides that in limited circumstances, Capitola

14   will pay ATS a $25,000 service fee for relocation of a camera from one intersection to another.

15   (*Id.*)

### 2.    Fixed Fees Are Subject to Adjustment in Limited Circumstances

17   The monthly fixed service fees are subject to adjustment in two circumstances. First, the

18   monthly fixed service fees are subject to adjustment in the event that the revenue collected from

19   citation payments is less than the fixed service fees. Specifically, the contract provides:

20   > During the duration of this agreement, ATS will warrant that the
   > City will have no financial loss with respect to fees paid to ATS.

21   > The fixed service fee will be adjusted monthly if project revenues
   > (collected) do not cover the ATS fixed service fee.

23   (RJN, Ex. 2, ¶ 5.) Second, the contract allows Capitola to recover, as a reduction in the amount

24   otherwise due to ATS, certain administrative costs associated with the automated traffic safety

25   camera system. (*Id.*) Those administrative costs include "Police Department staff overtime

---

27   (. . . continued)
   F.3d 699, 706 (9th Cir. 1998). Relying on such documents does not convert a Rule 12 motion
   into one for summary judgment. *Lee v. City of L.A.,* 250 F.3d 668, 689 (9th Cir. 2001).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

-8-

5:10-CV-03113-PVT

70176235.4 0009610-00008

1  associated with processing citations, conducting appeal hearings, attending traffic court and

2  Finance staff's time needed to review the pertinent reports by the city, county and courts, not to

3  exceed $800 per/month [sic], unless mutually agreed to by both parties." (*Id.*)

4  **C.    Capitola's Operation of the Automated Traffic Safety Camera System**

5  **1.    Selection of Camera Locations**

6       Under the contract with ATS, Capitola approved installation of automated traffic safety

7  cameras at two locations. (RJN, Ex. 2, Exhibit D (Initial Camera Locations).) The contract

8  provides that the "City approves that ATS install Dual Stationary Camera Systems" at specified

9  intersections. (*Id.*) The locations were selected "after a careful analysis by the City Police, or the

10  Traffic Engineering Department, or both, and ATS engineers." (*Id.*)

11  **2.    ATS Provides Administrative Support to Capitola**

12       Capitola operates the automated traffic camera safety system with administrative support

13  from ATS as summarized below:

14  - Image Capture and Identification of Vehicle Registered Owners. ATS uses electronic
15    monitoring devices and photographic equipment to detect and record images of
     vehicles entering intersections against a red light. (RJN, Ex. 2, Exhibit A (ATS Scope
16    of Work), Exhibit C (Service Fees).) ATS then reviews the images, performs quality
     control, identifies license plate information, and processes the information to confirm
17    vehicle ownership. (*Id.*)

18  - Police Department Review and Approval. ATS provides the police department, via an
     automated web-based citation processing system, with information regarding potential
19    infractions. (*Id.*) The police department reviews each potential infraction, determines
     which constitute violations of the law, and issues Notices of Violation. (RJN, Ex. 2,
20    Exhibit B (City Scope of Work).)

21  - Notice of Violation. As authorized by an approving law enforcement officer, ATS
     processes the Notices of Violation and mails them to vehicle owners. (RJN, Ex. 2,
22    Exhibit A (ATS Scope of Work), Exhibit C (Service Fees).)

23  - Periodic Reporting. On a regular basis, ATS sends Capitola an electronic file with
     updates on the status of citations and accounts. (*Id.*)

24  - Expert Testimony. When an individual receives a Notice of Violation, he or she has
25    the option of contesting the violation and appearing for a court trial or submitting to a
     trial by written declaration. (RJN, Ex. 3 (Notice of Violation).) In the event that a
26    Notice of Violation is contested, ATS agrees to provide expert testimony regarding the
     technical operation and accuracy of the automated cameras. (RJN, Ex. 2, Exhibit A, ¶
27    (a)(viii) (ATS Scope of Work).)

28

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008                                    -9-                        5:10-CV-03113-PVT

1    **D.    Plaintiffs Received Citations and Paid Their Fines**

2        Plaintiffs' Complaint identifies only one named plaintiff: Julie Talbert. (*See* Complaint.)

3    Ms. Talbert was cited for failure to stop at a red light traffic signal in Capitola on November 10,

4    2008. (Complaint ¶ 20; RJN, Ex. 3 (Notice of Violation), *see* Eller Decl.) The Notice of

5    Violation was issued by the City of Capitola Police Department and generated through Capitola's

6    use of an automated traffic safety camera system. (RJN, Ex. 3 (Notice of Violation).) Sergeant

7    Matthew R. Eller of the Capitola Police Department issued the Notice of Violation based on

8    photographic evidence. (*Id.*)

9        Ms. Talbert was cited for violation of Vehicle Code Section 21453(a). (*Id.*) Ms. Talbert

10   contested the citation and, although the citation simply carries a civil fine as a penalty, contends

11   that she was found "guilty" for failure to stop at a red light traffic signal on April 14, 2009. (*See*

12   Complaint ¶ 20.) Ms. Talbert purports to represent a class of individuals who were issued, or will

13   be issued, citations by Capitola that were determined through the use of Capitola's automated

14   traffic safety camera system. (Complaint ¶ 23.) Plaintiffs who have been issued citations have

15   presumably paid their respective fines. (*See* Complaint ¶ 36 (seeking constructive trust for

16   monies "taken from plaintiffs as a result of those illegal actions in the form of fines and bail

17   forfeitures").) Plaintiffs did not appeal from the Superior Court's determination that the citation

18   was properly issued. (RJN, Ex. 4 (Docket: *Capitola v. Talbert*).)

19                                    **III. ARGUMENT**

20       A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted where, as here, the

21   plaintiffs' factual allegations are merely conclusory and their claims lack "facial plausibility."

22   *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937,

23   173 L. Ed. 2d 868 (2009). Conclusory allegations, including bare assertions, amount to nothing

24   more than a "formulaic recitation of the elements" and are not entitled to an assumption of truth.

25   *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks and

26   citation omitted). A claim must be "plausible, not merely possible." *Id.* at 970.

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008                    -10-                    5:10-CV-03113-PVT

## A.   Plaintiffs' Claims Are Barred Under Principles of *Res Judicata*

The primary relief sought by Ms. Talbert and the purported class of Plaintiffs in this action is the vacation of their traffic citations, a refund of all fines paid to the City of Capitola as a result of such citations, and the removal of point assessments made against Plaintiffs' drivers' licenses. (*See* Complaint, ¶¶ 29(d)-(f), 43(b)-(c).) Yet each Plaintiff, including Plaintiff Talbert, had an opportunity to raise the claims set forth in the complaint at the traffic division of the Santa Cruz County Superior Court and thereafter appeal their citations to the Appellate Division of that court. Plaintiff Talbert took advantage of her right to a contested hearing, was found to have violated the law by running the red light in question, and failed to avail herself of the available appellate procedure. (RJN, Ex. 4 (Docket: *Capitola v. Talbert*).) Other Plaintiffs either took advantage of this procedure unsuccessfully or failed to exhaust their process. Such failure bars Plaintiffs' claims in this action.[3] Because each Plaintiff was afforded the opportunity to raise the issues in this action at the traffic division of the Superior Court, the claims in Plaintiffs' complaint are barred by the principles of *res judicata*.

When the judgment at issue is a state court judgment, the court applies that state's *res judicata* principles. *See, e.g., Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (applying Nevada issue preclusion law). Under California law, the issue sought to be precluded from relitigation must be the same as that decided in a former proceeding, the issue must have been actually litigated and necessarily decided, the decision in the former proceeding must be final and on the merits, and the party against whom issue preclusion is sought must be the same as (or in privity with) the party to the former proceeding. *Hernandez v. City of Pomona*, 207 P.3d 506, 511 (Cal. 2009) (*citing Lucido v. Superior Court*, 795 P.2d 1223 (Cal. 1990)); *see*

---

[3] There are also compelling public policy considerations that militate in favor of dismissal. None of the Plaintiffs have alleged that their underlying convictions were invalidated on appeal or otherwise found to be improper by the Superior Court. Yet if Plaintiffs are granted the relief they request, their convictions will be set aside. This outcome would offend the strong judicial policy against the creation of two conflicting resolutions arising out of the same act or occurrence. *See Coscia v. McKenna & Cuneo*, 25 P.3d 670 (Cal. 2001); *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (prisoner's suit under 42 U.S.C. § 1983 dismissed for failure to demonstrate that conviction or sentence was already invalidated).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-11-

5:10-CV-03113-PVT

1    *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).  Each element is satisfied in

2    this case.

3          First, Plaintiffs' infraction cases and the current action all involve infringement of the

4    same right (deprivation of property in the form of a fine), and arise out of exactly the same

5    nucleus of facts.  Moreover, Plaintiffs' infraction cases and this action all arise from the same

6    Notices of Violation where Plaintiffs disputed (or failed to dispute) the lawfulness of those

7    infractions.  It is the lawfulness of those infractions that Plaintiffs now improperly challenge

8    through this action.

9          Second, in order for Plaintiffs to have been found guilty of the red light violation, the

10   Superior Court necessarily had to determine that the Notices of Violation were lawfully issued.

11   The collateral estoppel aspect of *res judicata* applies to all issues involved in the prior case, even

12   if there are some factual matters or legal arguments that could have been raised but were not

13   presented.  *Frommhagen v. Bd. of Supervisors*, 243 Cal. Rptr. 390, 395 (Cal. Ct. App. 1987)

14   (*citing Kingsbury v. Tevco, Inc.,* 144 Cal. Rptr. 773 (Cal. Ct. App. 1978)).  Indeed, when two

15   lawsuits are brought that arise out of the same factual situation, the prior determination of an issue

16   in the prior lawsuit is conclusively established in the later lawsuit with respect to that issue and

17   "to every matter which might have been urged to sustain or defeat its determination." *Id.*

18   Consequently, the Superior Court's determination of the lawfulness of the violations is binding on

19   Plaintiffs in this lawsuit even if Plaintiffs failed to raise the contract between the City of Capitola

20   and ATS as a defense.

21          Third, there was a final judgment on the merits.  Plaintiff Talbert, the one named Plaintiff,

22   was found responsible for the violation at issue after a fully contested hearing.  (RJN, Ex. 4

23   (Docket: *Capitola v. Talbert*).)  There are other Plaintiffs who contested their violations at

24   hearings and lost, and others who simply paid the required bail and failed to contest the citation.

25   The former class of Plaintiffs had the opportunity to raise each and every issue set forth in the

26   complaint at their hearings, while the latter class of Plaintiffs paid the bail without a hearing and

27   with notice that such payment would result in a conviction for the violation.  (*See, e.g.*, RJN, Ex.

28   3 (Notice of Violation).)

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-12-

5:10-CV-03113-PVT

1    Finally, there is identity between persons and parties.  In each Plaintiffs' infraction case,

2    both the individual Plaintiff and the City of Capitola were involved.  In contested cases, the City's

3    officers and sergeants provided testimony in court.  Though ATS was not named in Plaintiffs'

4    infraction cases, ATS is in privity with the City of Capitola by virtue of its provision of services

5    under the contract.  Moreover, Capitola adequately represented ATS's interests in the prior

6    proceedings.

7    While there are few published decisions discussing these issues in the context of red light

8    traffic violations, dicta from a recent Seventh Circuit case is illustrative.  In *Idris v. City of*

9    *Chicago*, 552 F.3d 564 (7th Cir. 2009), several plaintiffs who received violations for running red

10   lights based on photographic evidence brought suit challenging the City of Chicago's red light

11   camera ordinance.  While not raised as a defense by the city, the Seventh Circuit recognized the

12   preclusion issues that arise in cases such as the present action, stating,

13   > Because all plaintiffs had an opportunity to present their
14   > contentions in the administrative process, and then to state court,
15   > the City might well have had a good argument that claim
     > preclusion bars this litigation.

16   *Id.* at 565.

17   Here, each Plaintiff had the opportunity to raise the arguments and issues set forth in the

18   complaint in order to avoid or overturn their convictions.  Indeed, if Plaintiffs contest their

19   convictions because of certain provisions in the contract between the City of Capitola and ATS,

20   their remedy is (and was) the ability to seek timely review of their convictions through the state

21   court system.  *See Castello v. Alameda Cnty. Transit Parking Enforcement Ctr.*, No. C08-3012

22   BZ, 2008 U.S. Dist. LEXIS 105842, at *5 n. 5 (N.D. Cal. Dec. 22, 2008) (finding claim

23   challenging constitutionality of parking ticket statute barred by claim and issue preclusion).  A

24   civil action challenging the basis for those convictions is wholly improper and is barred by the

25   principles of *res judicata*.  The entirety of Plaintiffs' complaint is therefore subject to dismissal.

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-13-                                      5:10-CV-03113-PVT

**B.      Plaintiffs' Claim for Declaratory Relief Fails as a Matter of Law**

       **1.      The Payment Provisions of the Contract Are Lawful**

Plaintiffs allege that the payment provisions of the contract between Capitola and ATS violate California Vehicle Code Section 21455.5(g) by (1) permitting ATS to adjust fees based on the amount of revenue collected; (2) allowing Capitola to waive a service fee related to relocation of cameras; and (3) permitting Capitola's deduction of certain administrative costs from amounts due to ATS.  (Complaint ¶¶ 14-16.)  But Plaintiffs misconstrue both the contract language and the Vehicle Code itself.

Vehicle Code Section 21455.5(g)(1) provides:

> A contract between a governmental agency and a manufacturer or supplier of automated enforcement equipment may not include provision for the payment or compensation to the manufacturer or supplier based on the number of citations generated, or as a percentage of the revenue generated, as a result of the use of the equipment authorized under this section.

The critical analysis is thus whether the contract provides for payment to ATS "based on the number of citations" or "as a percentage of the revenue generated."  The contract provides for neither.  Each of Plaintiffs' arguments rests on the contention that adjustment of the fixed monthly service fee is somehow improper.  As set forth below, the challenged provisions are wholly consistent with the law.

       *a)      Downward Adjustment of the Fixed Service Fee Is Lawful*

Under the contract, Capitola pays ATS a fixed monthly service fee.  Adjustment of the fixed fee occurs in the event that "project revenues (collected) do not cover the ATS fixed service fee."  (RJN, Ex. 2, ¶ 5.)  Plaintiffs allege that ATS's agreement to adjust the fixed monthly service fee is unlawful under Vehicle Code Section 21455.5(g)(1).  (*See* Complaint ¶ 14.)  Plaintiffs' argument fails for at least three reasons.

The Vehicle Code prohibits *payment* that is based on generating a specific number of citations or that is a percentage of total revenue collected.  Here, the contract makes clear that Capitola's payment to ATS is a fixed monthly service fee, not citation generation or a percentage of revenue collected.  (*See* RJN, Ex. 2, ¶ 5 & Exhibit C (Service Fees).)  Plaintiffs do not dispute

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-14-

5:10-CV-03113-PVT

1   this fact.  The contract language is plain on its face as to payment based on a fixed fee.  If

2   payment to ATS were based on a percentage of revenue generated, there would be no fixed fee.

3   Cal. Civ. Code § 1638 (if the language of a contract is clear, the language of the contract will

4   govern its interpretation); Cal. Civ. Code § 1648 (the words of a contract are understood in their

5   ordinary and popular sense);  *Hameid v. National Fire Ins. of Hartford*, 31 Cal. 4th 16, 21 (2003)

6   (a court will not read ambiguity into an unambiguous contract).

7        Instead, Plaintiffs challenge ATS's agreement to adjust the fixed fee in the event that

8   revenue collected during the payment period is less than the fixed monthly fee.  (*See* Complaint

9   ¶ 14.)  But Plaintiffs' argument fails because even if the fixed fee payment to ATS is adjusted,

10   payment is still based on a fixed fee, now reduced, not the number of citations generated or as a

11   percentage of revenue generated.

12        Finally, according to Plaintiffs, the purpose of the Vehicle Code's prohibition on

13   payments based on the number of citations or as a percentage of revenue generated is to

14   "eliminate actual or perceived bias and/or motive in the operation and enforcement" of automated

15   traffic safety camera systems.  (*Id.* ¶ 13.)  The payment provision of the contract between

16   Capitola and ATS does just that.  Any adjustment in Capitola's payment to ATS may occur in

17   only one direction under the contract: *downward.*  (*See* RJN, Ex. 2, ¶ 5.)  The parties made the

18   purpose of the adjustment provision clear: ATS warranted that Capitola would have no financial

19   loss with respect to fees paid to ATS.  (*Id.*)  Far from creating any improper incentive through

20   payment based on the number of citations issued or as a percentage of revenue generated, the

21   contract restricts payment to ATS to a fixed fee that can only be adjusted downward.

22        ***b)   Waiving a Service Fee When the Parties Mutually Agree to Camera
              Relocation Is Lawful***

23

24        When they entered into the contract, Capitola and ATS contemplated fees associated with

25   relocating cameras.  (*See* RJN, Ex. 2, Exhibit C (Service Fees).)  If a camera system is not

26   generating adequate revenue to cover the fixed monthly service fee, the contract provides that

27   ATS will consult with Capitola to find an alternative location.  (*Id.*)  If the parties agree to a new

28   location, there is no service fee for relocating the camera.  (*Id.*)  If, however, ATS and Capitola do

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN          -15-          5:10-CV-03113-PVT
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

1   not agree on the new location, Capitola agreed to pay ATS a $25,000 service fee to relocate the

2   camera.  (*Id.*)

3          Plaintiffs allege that the contract "violates the prohibition against adjusting fees based on

4   revenue generated" by allowing Capitola to waive a service fee for camera relocation in certain

5   circumstances.  (Complaint ¶ 15.)  Plaintiffs' allegation misrepresents the law as well as the

6   facts.  Vehicle Code Section 21455.5(g)(1) does not prohibit "adjusting fees based on revenue

7   generated" but prohibits "payment or compensation to the manufacturer or supplier . . . as a

8   percentage of the revenue generated."  The distinction matters because nowhere in the contract is

9   there a provision for payment to ATS as a percentage of the revenue generated.  Further, waiver

10  of the service fee is not related to revenue generation at all.  The relocation service fee is waived

11  when Capitola and ATS mutually agree to a camera's new location.  Finally, waiver of a service

12  fee cannot be deemed to violate Section 21455.5(g)(1) where it does not amount to "payment or

13  compensation to the manufacturer or supplier" but rather no payment or compensation at all.

### c)     *Deduction of Administrative Costs Is Lawful*

15         The contract allows Capitola to deduct up to $800 per month in administrative costs from

16  the fixed monthly service fee due to ATS.  Specifically, the contract provides:

> ATS agrees to allow the City to recover the following
> administrative costs associated with the photo red light
> enforcement system:  Police Department staff overtime associated
> with processing citations, conducting appeal hearings, attending
> traffic court and Finance staff's time needed to review the pertinent
> reports by the city, county and courts, not to exceed $800
> per/month [*sic*], unless mutually agreed to by both parties.  These
> costs shall be recovered as a reduction from the amount due to
> ATS per ATS invoice(s).  In the event that the event that the
> Courts provide a true up of revenues to the City, ATS is entitled to
> receive the sum of actual earnings up to the applicable amount of
> service fees for the Dual Stationary Camera System(s) less
> reimbursable City expenses.

25  (*See* RJN, Ex. 2, ¶ 5.)  Plaintiffs allege that the deduction of Capitola's administrative costs from

26  the amount paid to ATS each month is unlawful because "those costs fluctuate with the number

27  of citations issued and the revenue generated by those citations and therefore determines ATS's

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-16-

5:10-CV-03113-PVT

1   total fee." (Complaint ¶ 16.) Nowhere in the contract, however, is the deduction of a portion of

2   Capitola's administrative costs tied to the number of citations issued. Nor does anything in the

3   contract link the deduction of a portion of Capitola's administrative costs to payment to ATS as a

4   percentage of revenue generated.

5   Plaintiffs' contention that Capitola's administrative costs fluctuate with the number of

6   citations generated is conjecture. Nothing in the contract suggests that Capitola's administrative

7   costs are related to the number of citations generated. In fact, the contract specifies the

8   administrative costs that Capitola may recover, and none of them reference the number of

9   citations generated. The fixed fee that Capitola pays ATS does not increase if the automated

10   traffic safety camera system generates 100 citations or 1,000 citations, and may only decrease as a

11   result of Capitola's administrative costs. This is fully consistent with the Vehicle Code's

12   prohibition of payments to manufacturers and suppliers that would incentivize the issuance of

13   unwarranted citations.

14   **2.     Capitola Has Sole Authority to Issue Notices of Violation**

15   Plaintiffs claim that Notices of Violation are "screened and selected by ATS" and not the

16   Capitola Police Department. (Complaint ¶ 28(d).) The plain language of the contract shows that

17   Plaintiffs' claim is baseless.

18   Capitola's Scope of Work provides that the "*City* will carefully review each potential

19   violation to determine *in its sole Authority* which violations will be issued as citations." (RJN,

20   Ex. 2, Exhibit B, ¶ (b) (City Scope of Work) (emphasis added).) ATS's role is limited to day-to-

21   day administrative support of Capitola's automated traffic safety camera system. That

22   administrative support includes processing images to ensure that they contain visible data, and

23   printing and mailing citations. (RJN, Ex. 2, Exhibit A, ¶ (a)(iii) (ATS Scope of Work).) The

24   contract makes clear that ATS has no authority to issue citations. Plaintiffs' claims thus fail as a

25   matter of law.

26   **3.     Capitola Operates the Automated Traffic Safety Camera System**

27   Vehicle Code Section 21455.5(c) provides that only a governmental agency, in

28   cooperation with a law enforcement agency, may operate an automated traffic safety camera

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-17-

5:10-CV-03113-PVT

1    system.  Under the code, "operate" includes (1) developing uniform guidelines for screening and

2    issuing violations and storage of confidential information, and establishing procedures to ensure

3    compliance with those guidelines; and (2) among other things, establishing guidelines for

4    selection of location.  Neither of the above-listed tasks may be contracted out to the manufacturer

5    or supplier of the city's automated traffic safety camera system.  *See* Cal. Veh. Code § 21455(d).

6    Plaintiffs claim that the contract between Capitola and ATS unlawfully restricts Capitola's access

7    to confidential information and improperly allows ATS to control the location of cameras.  The

8    contract, however, reflects a lawful allocation of responsibility.

9             a)    **The Contract's Protection of Confidential and Proprietary Information**
                    **Is Lawful**

10

11           Plaintiffs allege that the contract allows ATS to restrict access to confidential information,

12   and that any restriction excludes Capitola's participation in how confidential information is stored

13   and processed.  (*See* Complaint ¶ 19.)  This is apparently because the Complaint references the

14   fact that "[n]o information given by ATS to City will be of a confidential nature, unless

15   specifically designated in writing as proprietary and confidential by ATS."  (RJN, Ex. 2, ¶ 8.)

16   The restriction, however, relates to ATS's protection of its own confidential and proprietary

17   information and does not restrict Capitola's right to access confidential information related to

18   enforcement of the automated traffic safety camera system.  The contract makes clear that all

19   information obtained by ATS through operation of the automated traffic safety camera system

20   "shall be made available to the City at any time during ATS's normal working hours, excluding

21   trade secrets and other confidential or proprietary information not reasonably necessary for the

22   prosecution of citations or the fulfillment of City's obligation under this Agreement."  (*Id.* ¶ 7.)

23           The provisions of the contract related to confidential information are consistent with the

24   Vehicle Code.  Consistent with Section 21455.5(e)(1), the contract maintains photographic

25   records as confidential, and makes those records available to Capitola and the Capitola Police

26   Department to enforce traffic violations.  (*See* RJN, Ex. 2, ¶¶ 7, 8.)  Consistent with  Section

27   21455.5(e)(2), the contract makes clear that ATS will not use confidential information "for any

28   purpose other than this program."  (*Id.* ¶ 8.)  Finally, nothing in the contract alters the

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-18-

5:10-CV-03113-PVT

1   requirements of Vehicle Code Section 21455.5(e)(3), which provides for retention of confidential

2   records related to the automated traffic safety camera system.  Nor does anything in the contract

3   restrict Capitola's ability to further direct ATS regarding the use or storage of confidential

4   information acquired through the camera safety system.  As such, contract provisions governing

5   confidential information are lawful.

6           b)      *The Contract Does Not Affect Capitola's Establishment of Guidelines for*
            *Selection of Camera Locations*
7

8       Vehicle Code Section 21455.5(c) provides that only a governmental agency may operate

9   an automated traffic safety camera system, and that "operate" includes "establishing guidelines

10  for selection of location."  Plaintiffs contend that ATS unlawfully operates the automated traffic

11  safety camera system because, according to Plaintiffs, the contract allows ATS to control the

12  relocation of cameras.  (*See* Complaint ¶ 18.)  Plaintiffs' argument misconstrues the law and the

13  contract.

14      The law prohibits ATS from establishing guidelines for Capitola's selection of location of

15  cameras.  Nothing in the contract, however, infringes on Capitola's ability to establish such

16  guidelines.  The only provisions that Plaintiffs take issue with relates to a service fee charged to

17  Capitola in the event that ATS and Capitola do not come to mutual agreement regarding

18  relocation of a camera.  (*See* Complaint ¶ 18; RJN, Ex. 2, Exhibit C (Service Fees).)  This

19  provision deals with the circumstances in which a service fee is charged for relocating a camera.

20  It has nothing to do with Capitola's establishment of *guidelines* for selection of camera locations.

21  Plaintiffs' challenge to the contract on this basis fails.

22      **4.      ATS's Provision of Expert Testimony Limited to the Technical Operation and**
            **Accuracy of Cameras Is Lawful**
23

24      Plaintiffs challenge ATS's agreement under the contract to provide an expert witness to

25  testify when the accuracy or functionality of ATS's camera system is at issue.  (*See* Complaint ¶

26  17.)  According to Plaintiffs, such testimony creates an "unlawful bias in the execution of the

27  contract . . . since ATS has an inherent interest in obtaining as many convictions as possible in

28  order to generate as much revenue as possible and thereby exceed the loss protections set by the

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN          -19-                    5:10-CV-03113-PVT
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

1    ATS Contract." (*Id.*)  It is unclear what law Plaintiffs contend has been violated.  Regardless, the

2    plain language of the contract makes clear the fundamental flaw in Plaintiffs' argument.

3           Under the contract, ATS agreed to provide expert witness testimony "as reasonably

4    necessary to establish judicial notice" regarding the accuracy, technical operations, and

5    effectiveness of the automated traffic safety camera system.  (RJN, Ex. 2, Exhibit A, ¶ (a)(viii)

6    (ATS Scope of Work).)  ATS's expert testimony is subject to court oversight in contested cases

7    and, when provided, is limited to the technical operation and accuracy of the camera system.

8    ATS's experts do not provide testimony as to whether or not an individual in fact ran a red light.

9    Such testimony is provided by the Police Department officer who issued the Notice of Violation.

10   In addition, the contract provides that "[e]xpert witness fees will be billed to the City on a time

11   and expense basis."  (RJN, Ex. 2, Exhibit A, ¶ (a)(viii) (ATS Scope of Work).)  Contrary to

12   Plaintiffs' dramatic assertion that ATS has an interest in "obtaining as many convictions as

13   possible" to "generate as much revenue as possible," ATS simply receives payment for services

14   provided.  Nothing in the contract encourages unnecessary expert witness testimony.  Plaintiffs'

15   claim that ATS's provision of expert testimony is unlawful thus fails as a matter of law.

16   **C.      Plaintiffs' Injunctive Relief Claim Fails for Lack of Standing**

17          Plaintiffs allege that they are entitled to injunctive relief "[b]ecause the defendants' use

18   and operation of the Camera System pursuant to the ATS Contract is unlawful" and named

19   Plaintiff Talbert is "one of numerous persons who have been, and/or will be, issued citations

20   based on evidence gleaned solely from the unlawful use" of an automated enforcement system.

21   (Complaint ¶¶ 23, 29.)  Plaintiffs' allegations are insufficient to confer standing to seek injunctive

22   relief.

23          "Article III standing is a controlling element in the definition of a case or controversy."

24   *Alaska Right to Life v. Feldman,* 504 F.3d 840, 848 (9th Cir. 2007) (internal quotation marks,

25   brackets, and citation omitted).  To satisfy standing requirements under Article III of the U.S.

26   Constitution, Plaintiffs must show that (1) they have suffered an "injury in fact" that is concrete

27   and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly

28   traceable to the challenged action of Defendants; and (3) it is likely, as opposed to merely

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN                -20-                    5:10-CV-03113-PVT
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

1  speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v.*

2  *Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000) (*citing Lujan v. Defenders of*

3  *Wildlife,* 504 U.S. 555, 560-61 (1992)).

4      To show injury in fact sufficient to justify the prospective injunctive relief sought here,

5  Plaintiffs must allege that they will likely suffer future harm as a result of Capitola's and ATS's

6  conduct. Plaintiffs' vague and purely speculative assertion that they "have been and/or will be"

7  issued citations is not sufficient to create standing. (Complaint ¶ 23.) Plaintiffs do not allege that

8  any future citation is either actual or imminent. Plaintiffs thus lack standing to pursue injunctive

9  relief where, as here, their claims are unripe because they rely on harms that may or may not

10 actually occur, and offer nothing but speculation to suggest otherwise. *See Texas v. United*

11 *States,* 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent

12 future events that may not occur as anticipated, or indeed may not occur at all." (internal

13 quotation marks and citations omitted)); *City of L.A. v. Lyons,* 461 U.S. 95 (1983) (likelihood of

14 recurrence of injury required).

15     In addition, injunctive relief is not appropriate where, as here, Plaintiffs seek

16 reimbursement of fines paid and thus have an adequate legal remedy. *See Lyons,* 461 U.S. at 111

17 (finding that Lyons had adequate remedy at law, *i.e.,* suit for damages).

18 **D.    Plaintiffs' Claim for Violation of California Business and Professions Code Section 17200 Fails as a Matter of Law**

19

20      **1.    Capitola Is Exempt from Suit**

21     Plaintiffs' claim for violation of California Business and Professions Code Section 17200

22 fails as a matter of law against Capitola for two independent reasons.

23     First, the Unfair Competition Act, California Business and Professions Code Section

24 17200, *et seq.,* is a remedial scheme that applies to "persons" who engage in unlawful or unfair

25 competition. *Trinkle v. Cal. State Lottery,* 84 Cal. Rptr. 2d 496, 499 (Cal. Ct. App. 1999). Under

26 that scheme, "person" is specifically defined as "natural persons, corporations, firms,

27 partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus.

28 & Prof. Code § 17201; *see People for the Ethical Treatment of Animals, Inc. v. Cal. Milk*

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-21-

5:10-CV-03113-PVT

1  *Producers Advisory Bd.*, 22 Cal. Rptr. 3d 900, 904 (Cal. Ct. App. 2005).  Absent from the

2  definition of "person" are public entities such as Capitola.  Cal. Bus. & Prof. Code § 17201;

3  *People for the Ethical Treatment of Animals, Inc.*, 22 Cal. Rptr. 3d at 905.  The Legislature could

4  have included governmental entities in its definition of "persons" for purposes of the unfair

5  competition laws if it had wanted to, but the unfair competition laws evidence no intent to impose

6  liability on government agencies.  *People for the Ethical Treatment of Animals, Inc.*, 22 Cal. Rptr.

7  3d at 905.  As a result, the unfair competition laws do not apply to public entities such as

8  defendant Capitola.  *Id.*; *see Trinkle*, 84 Cal. Rptr. 2d at 499; *see also Janis v. Cal. State Lottery*

9  *Comm'n*, 80 Cal. Rptr. 2d 549, 553 (Cal. Ct. App. 1998).

10      Second, governmental immunities shield Capitola from suit under the unfair competition

11  laws.  Government Code Section 815 provides, in pertinent part,

12      Except as otherwise provided by statute:
13      (a)      A public entity is not liable for an injury, whether such
          injury arises out of an act or omission of the public entity or a
14      public employee or any other person.

15  Because of this section, liability flows to public entities only if a statute declares them liable or if

16  the public entity waives the immunity.  *See Trinkle*, 84 Cal. Rptr. 2d at 498.  And "[n]owhere in

17  the Unfair Competition Act is there a provision imposing governmental liability for violations of

18  the act."  *Id.* (citation omitted).  As a result, the general rule of governmental immunity applies to

19  suits against public entities under Business and Professions Code Section 17200.  *See id.*  This

20  immunity exempts Capitola from suit under that section.

21      Because actions under Business and Professions Code Section 17200 cannot be

22  maintained against public entities, amendment cannot save Plaintiff's Second Cause of Action

23  against the City of Capitola.  *See, e.g., Trinkle*, 84 Cal. Rptr. 2d at 500 (finding complaint not

24  curable by amendment because defendant public agency not amenable to suit under unfair

25  competition statutes).  Plaintiffs' Second Cause of Action against Capitola therefore fails as a

26  matter of law.

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN                    -22-                    5:10-CV-03113-PVT
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

2.     **Plaintiffs' Claim Against ATS Fails Because It Is Derivative of Other Unsuccessful Claims and Does Not Allege Sufficient Facts.**

Plaintiffs fail to allege sufficient facts to bring a claim against ATS under Business and Professions Code Section 17200.  Plaintiffs wrongfully allege that ATS unlawfully implemented the camera system in concert with the terms of the contract and consequently collected substantial sums of money from fines and bail forfeitures in violation of California Business and Professions Code Section 17200.  (*See* Complaint ¶¶ 31, 32.)  To state a claim under Business and Professions Code Section 17200, a party must show that there is in fact unlawful or unfair conduct.  *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 690-91 (Cal. Ct. App. 2010).  As set forth above, Capitola's operation of the camera system with the support of ATS is wholly consistent with California law.  Thus, Plaintiffs' claim fails on that basis alone.

Furthermore, Plaintiffs also seek punitive damages as a consequence of ATS's alleged unlawful conduct.  (*See* Complaint ¶ 34.)  Plaintiffs must show that there were actual damages if punitive damages are to be assessed.  *Fassberg Constr. Co. v. Hous. Auth. of L.A.*, 60 Cal. Rptr. 3d 375, 408 (Cal. Ct. App. 2007); *Esparza v. Specht*, 127 Cal. Rptr. 493, 495 (Cal. Ct. App. 1976) (requirement of actual damages entails proof of unlawful conduct).  As discussed in previous sections, the conduct in question is lawful; therefore, punitive damages should not be awarded.

Moreover, Plaintiffs fail to allege facts showing malicious or oppressive conduct that consciously disregards Plaintiffs' rights.  An award of punitive damages cannot be based on mere speculation; there must be circumstances of malice or oppression or such a conscious and deliberate disregard of the interests of others.  *Virtanen v. O'Connell*, 44 Cal. Rptr. 3d 702, 721 (Cal. Ct. App. 2006).  Conclusory allegations of malice and oppression are not legally sufficient to support a claim for punitive damages.  *Radovich v. Locke-Paddon*, 41 Cal. Rptr. 2d 573, 593 (Cal. Ct. App. 1995).  Plaintiffs allege that "[t]he Camera System operated by defendants … expressly violates California law and that ATS Contract which dictates the terms by which ATS and CITY operate the Camera System was specifically designed to provide revenue to the CITY as a product of that illegality." (*See* Complaint ¶ 31.)  Plaintiffs additionally allege that "[the defendants'] unlawful implementation of [the] Camera System … constitutes an unlawful and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-23-

5:10-CV-03113-PVT

1  unfair business practice in violation of California Business and Professions Code §

2  17200." (Complaint ¶ 32.)  Because there is no allegation amounting to ATS acting maliciously

3  or oppressively with respect to Plaintiffs and there is just a vague reference to "unlawful

4  implementation," punitive damages are not appropriate here.

5       Regardless, Plaintiffs cannot recover punitive damages under Business and Professions

6  Code Section 17200.  Business and Professions Code Section 17203 sets out the available

7  remedies in a private action under that section and provides no award for punitive

8  damages.  *Olszewksi v. Scripps Health*, 30 Cal. 4th 798, 833 (2003) (concurring opinion) (*citing*

9  *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173-74 (2000)).

10  **E.**    **Plaintiffs' Derivative Claims for Unjust Enrichment, Accounting, and Imposition of**

11          **a Constructive Trust Fail as a Matter of Law**

12      **1.**    **Plaintiffs Fail to State a Claim for Unjust Enrichment**

13       Plaintiffs fail to state a claim for unjust enrichment.  Plaintiffs erroneously allege that

14  Defendants unlawfully took monies from Plaintiffs as a result of Defendants' alleged unlawful

15  operation of the camera system, which includes Defendants' allegedly unlawful contract that

16  specifies Capitola's and ATS's respective involvement in the operation of the camera

17  system. (*See* Complaint ¶ 36.)  To state a claim for unjust enrichment, Plaintiffs must show the

18  Defendants received a benefit and unjustly retained the benefit at Plaintiffs' expense.  *Peterson v.*

19  *Cellco P'ship*, 80 Cal. Rptr. 3d 316 (Cal. Ct. App. 2008).  The unjust retention revolves around

20  the alleged unlawful terms of the contract and a finding that Capitola operated the camera with

21  the support of ATS in contravention of California law.  However, as detailed above, the contract

22  between Capitola and ATS is lawful and the operation of the camera system is lawful.  As a

23  result, Defendants did not unjustly retain any monies, and Plaintiffs' claim for unjust enrichment

24  must fail.

25      **2.**    **Plaintiffs Fail to State a Claim for a Constructive Trust**

26       Plaintiffs also fail to state a claim for a constructive trust.  A constructive trust may be

27  imposed where there is a wrongful acquisition or detention of property to which another is

28  entitled.  *GHK Assocs. v. Mayer Group, Inc.*, 274 Cal. Rptr. 168, 182 (1990); Cal. Civ. Code §§

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-24-

5:10-CV-03113-PVT

2223, 2224.  Because the wrongful act at issue would be based on findings that (1) Capitola's operation of the camera system with the support ATS was unlawful and (2) the contract is unlawful, this claim fails as a matter of law.  As previously noted, the contract and the operation of the camera system are well within the confines of California law.  Consequently, because this is so, there is no wrongful act at issue and no basis for the imposition of a constructive trust.

### 3.     No Accounting Is Warranted

Because Capitola's and ATS's conduct is fully lawful, and Plaintiffs have not made a showing of unjust enrichment or stated a basis for a constructive trust, no accounting is warranted.

## IV.  CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss should be granted.

DATED:  July 23, 2010

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH


By:  /s/ George J. Kovacevich
GEORGE J. KOVACEVICH
S. ADAIR PATERNO
Attorneys for Defendants
CITY OF CAPITOLA and CAPITOLA
POLICE DEPARTMENT

DATED:  July 23, 2010

STOEL RIVES LLP


By:  /s/ Michael B. Brown
MICHAEL B. BROWN
UZUNMA A. KAS-OKOKA
Attorneys for Defendant
AMERICAN TRAFFIC SOLUTIONS,
LLC

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
70176235.4 0009610-00008

-25-

5:10-CV-03113-PVT